**1836.**

Price
v.
Betts.

---

## Price vs. Betts.

Where a non-resident complainant gives notice of a special application to the court, and before the time for making such application arrives the adverse party obtains an order that all proceedings on the part of the complainant be stayed until security for costs is filed, the application cannot be made until such security is given. And if the complainant wishes to be excused from paying the costs of opposing the application, he should appear at the day appointed and ask to have the application stand over until he has time to file security for costs ; or he may give the security and then make the application at the time specified in his original notice.

An order to stay proceedings on the part of the complainant until security for costs is filed, only operates upon him ; but does not prevent the defendant from taking any steps to terminate the suit in the mean time, or to resist an application of which previous notice has been given by his adversary.

April 5.

THE complainant in this cause being a non-resident, the defendant's counsel, upon due notice of the application, obtained an order that all proceedings on the part of the complainant be stayed until security for costs was given. On the same day upon which the order was made, but before notice thereof had been given, the complainant's solicitor gave notice of an application, at a future day, for the appointment of a receiver. On the day appointed in the notice for the hearing of this application, the defendant's counsel appeared to oppose the motion, and informed the counsel for the adverse party that he should resist the application on the ground that security for costs had not been filed.

The motion for the appointment of a receiver was not made, and the counsel for the defendant took an ex parte order for his costs of attending to resist the application. The complainant thereupon applied to the vice chancellor, to set aside the ex parte order for costs for irregularity. The application was denied ; and from the decision of the vice chancellor, refusing to grant such application, the complainant appealed.

*John Van Buren*, for the appellant.

*N. B. Blunt*, for the respondents.

THE CHANCELLOR. The practice adopted by the counsel for the defendant, in this case, was perfectly regular; and the vice chancellor was right in refusing to set aside the ex parte order for the costs of attending to oppose the application for the appoinment of a receiver. At the time when the notice of that application was given, the complainant's solicitor knew that an order to file security for costs was about to be made ; and if he did not intend to file such security before the time appointed for making his application, he should not have noticed it until after such security was given. The order to stay the proceedings, only operated upon the complainant, but did not prevent the defendant from taking any steps to resist an application or to get the cause out of court. The practice of the court of chancery, in this respect, is the same as that of the supreme court. (*See Champlin* v. *Petrie,* 4 *Wend.* 209.) The notice of the application for the appointment of a receiver having been given, in this case, before the order to file security for costs was obtained, the complainant had a right to proceed and make his motion at the time appointed, provided he filed security, and gave notice thereof to the adverse party, before the motion was made. The adverse party was, therefore, bound to attend, prepared to resist the application. And if the attempt to negotiate, in this case, had delayed the complainant's solicitor, so that he could not file security for costs in time to make the application at

*1836.*

Price
v.
Betts.

the time appointed, he should have applied to the solicitor of the adverse party to let the motion stand over to a future day to enable him to file such security ; or he should have attended at the time appointed, and asked the court for an order to that effect. Such an order would have been almost a matter of course, upon any reasonable excuse shown, or even suggested by counsel.

The affidavit of the defendant's solicitor is sufficient to satisfy me that there was no intention to mislead his adversary as to the course which he intended to pursue, in relation to the application. The complainant's counsel was apprized that the counsel for the other party was attending to resist the motion, and declined the proposition to go before the court and have the question disposed of at once. He therefore had no right to presume that the counsel for the defendant would not ask for the costs of attending to oppose his application.

The order appealed from must be affirmed, with costs.